No. 13,328.

PEOPLE EX REL. WETTENGEL *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL.
(25 P. [2d] 738)

Decided September 25, 1933.

Mr. EARL WETTENGEL, Mr. HUBERT L. SHATTUCK, Mr. CHARLES F. MORRIS, for petitioner.

Mr. JOEL E. STONE, Mr. CHARLES T. MAHONEY, for respondents.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE people, on the relation of the district attorney for the second judicial district, petitioned this court for a peremptory writ of mandamus requiring the district court of that district and the presiding judge of the criminal divisions thereof to permit the filing of a criminal information and to proceed thereunder. Thereupon a rule to show cause was entered. In their return the respondents challenge the petitioner's right to the writ.

Section 1 of the act of 1929, relating to punishment for second and subsequent offenders (S. L. 1929, c. 85), provides that one who, after having been convicted of any one of certain specified felonies, is convicted of a second offense, "shall be sentenced to imprisonment for a term of not less than one-third the longest term, nor more than twice the longest term, prescribed upon a first conviction." Section 4 provides: "If at any time after conviction and either before or after sentence it shall appear that a person convicted of a felony has previously been convicted of a crime or crimes as set forth in any of the three foregoing sections, it shall be the duty of the district attorney for the county in which such conviction was had to file an information in such cause accusing the said person of such previous conviction or convictions. Whereupon the court in which such last conviction was had shall cause the said person, whether confined in prison or otherwise, to be brought before it and shall

inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not." The section then provides for the manner of trying the issue, if any is raised.

Millard D. Bennight pleaded guilty in the district court of the second judicial district to the charge of having committed one of the specified felonies, namely, the crime of confidence game, and on May 20, 1933, was sentenced to imprisonment in the penitentiary for not less than one year nor more than three years. The penalty prescribed for such felony by section 6856, Compiled Laws, as amended by Session Laws of 1923, c. 93, p. 253, §1, is imprisonment in the penitentiary for not less than one year nor more than twenty years. On May 25 the district attorney, in attempted compliance with the act of 1929, supra, "tendered in open court" an information charging Bennight with having been twice convicted of the crime of confidence game, and asking that the same be filed in the cause in which Bennight had just been sentenced. The court refused permission to file the information, whereupon this proceeding was commenced.

██ ██ The court's permission to file an information under that act is not required. The act makes it the duty of the district attorney, without any action by the court, to file the information. No duty devolves upon the court until after the information has been filed. As the court is under no duty to grant permission to file the information, mandamus will not lie to require it to do so; and as the information has not been filed, a writ requiring the trial court to proceed thereunder would be premature.

██ It appears that the trial court's order went beyond a mere refusal to grant permission to file the information, and ordered the district attorney "not to file any further charges, or any other information on the charge set forth in the information herein." The district

court should not have entered such order, and it is hereby ordered to vacate and set aside the same.

The application for a peremptory writ of mandamus is denied.